**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAPLH HAYES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No.: 3:13-cv-0420 KAW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Plaintiffs Ralph, Kenneth and Ruth Hayes brought this suit against Defendant Wells Fargo Bank. Pending before the Court is Defendant's motion to dismiss Plaintiffs' first amended complaint.

The Court held a hearing on the motion on August 1, 2013. Ralph Hayes appeared on his own behalf. Attorney Jane Lee appeared for Defendant. Ruth Hayes was also present, but did not enter an appearance. For the following reasons, the motion to dismiss is granted with leave to amend.

**I.   Parties**

Although all three Plaintiffs are listed as appearing pro se on the docket, only one, Ralph Hayes, has signed the pleadings in this case. The original complaint filed in state court, the first amended complaint, and the opposition to Defendant's motion to dismiss, are signed only by Ralph Hayes. Ralph Hayes, who is not an attorney, may not represent Ruth or Kenneth Hayes.

Accordingly, Kenneth and Ruth Hayes have not appeared in this action, and are not parties to this case. *See* Civil Local Rule 3-9 (a) ("Natural Person Appearing Pro Se. Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court"). The Clerk of the Court shall therefore dismiss them from the docket.

## II. Background

Plaintiff filed this action in Contra Costa County Superior Court in July 2012. Defendant removed it to this Court in January 2013. Plaintiff filed a first amended complaint on February 25, 2013, alleging thirteen causes of action named: 1) fraudulent inducement to breach of contract; 2) TILA; 3) fraud and conspiracy to commit fraud; 4) California Civil Code § 2923.5; 5) predatory lending in violation of truth in lending; 6) unlawful business practices in violation of Business & Professions Code § 17200, predicated on California Civil Code § 2923.5; 7) and 8)[1] fraudulent business practices in violation of Business & Professions Code § 17200, predicated on California Civil Code § 2923.5; 9) violation of the Fair Credit Reporting Act; 10) defamation; 11) false light; 12) breach of contract; and 13) declaratory relief/ injunctive relief.

Plaintiff alleges the following facts. Defendant is the lien holder of his home in Hercules, California. Plaintiff's deed of trust was issued in August 2004 and recorded in the Contra Costa County Recorder's Office. At some point, Plaintiff and his family were unable to make their monthly mortgage payments. They explored debt consolidation and loan modification options.

Plaintiff allegedly discovered "procedural improprieties" involving violations of TILA and RESPA. Specifically, Plaintiff contends that a mortgage loan audit and loan document audit showed that the broker's initial "Truth-In-Lending" statement was not in the loan file, in violation of TILA § 226.19(a)(1); the rescission notice was not dated or signed properly, in violation of TILA § 226.23(a)(3); and "[t]he exact index used in calculating the APR was not provided," in violation of TILA, so Plaintiff ran a compliance check using an automated program.

---

[1] These causes of action are identically titled.

Before the loan was signed, the broker adjusted price quotations and values after making an initial "good faith estimate." The loan officer did not disclose the yield spread premium, "and there is no evidence of re-disclosure." This was a violation of REPSA.

There is no evidence in the loan file that the borrowers were provided with the "special information booklet" or "CHARM booklet," which is required for Adjustable Rate Transactions. The final, signed HUD-1 settlement statement was not in the loan file. The Escrow Analysis or Escrow Waiver were not in the loan file. The loan documents were not given to the borrowers 24 hours prior to signing, but the loan officer was present when they signed at their home. These were all violations of RESPA. The required state disclosures were not in the loan file. This was a violation of the California Civil Code. Plaintiff was "not properly disclosed to" at the time of the loan signing. Plaintiff did not understand the loan documents he signed and was not encouraged to read them.

Defendant "engaged in unethical and illegal business practices" including the following: "Pick-A-Payment Loan Options," debt entrapment and predatory lending, fraudulent mortgage note origination, fraudulent concealment and misrepresentation at the time of the origination, Patriot Act violations/ unlawful funding of the note, improper securitization of the loan/ note, "Improper Assignment of the Mortgage/ Deed of Trust/ MERS," and "Breach of Contract Regarding Trial Modification Agreements." These allegations are pled in conclusory fashion without further elaboration.

Although the First Amended Complaint states that the improprieties in the loan documents were discovered through the Mortgage Loan Audit "subsequent" to the exploration of debt consolidation and loan modification options—and therefore after Plaintiff had defaulted on the loan—Plaintiff stated at the hearing that the Audit was prepared at the time that the loan documents were signed. Plaintiff explained that, despite his knowledge of the improprieties uncovered by the audit, he did not file a lawsuit sooner because he was living in the house and was able to make his loan payments.

///

///

**A.     Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss based on rule 12(b)(6) challenges the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate. *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)),

4

and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### B. Request for Judicial Notice

As a preliminary matter, Defendants ask that the Court take judicial notice of a number of documents in support of its motion to dismiss. The documents are purportedly true and correct copies of: A) an Adjustable Rate Mortgage Note, dated August 15, 2005; B) Deed of Trust dated August 15, 2005 and recorded in the Contra Costa County Recorder's Office; C) a Certificate of Corporate Existence dated April 21, 2006 issued by the Office of Thrift Supervision certifying that World Savings Bank, FSB, is a federal savings bank; D) a letter dated November 19, 2007 on the letterhead of the Office of Thrift Supervision authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB; E) the Charter of Wachovia Mortgage, FSB, which is signed by officers of the Office of Thrift Supervision; F) Official Certification of the Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A.; G) a Notice of Default, dated May 10, 2010, and recorded with the Contra Costa County Recorder on May 10, 2010; H) a Notice of Trustee's sale, dated December 8, 2010 and recorded with the Contra Costa County Recorder on December 13, 2010; I) a Trustee's Deed Upon Sale, dated January 4, 2011 and recorded with the Contra Costa County Recorder on January 14, 2011; and J) Kenneth and Ruth Hayes' Bankruptcy petition, filed June 27, 2012 in United States Bankruptcy Court for the Northern District of California; K) Kenneth and Ruth Hayes' Bankruptcy discharge order, filed September 18, 2012; L) Kenneth and Ruth Hayes' Bankruptcy schedule B, filed June 27, 2012; M) Kenneth and Ruth Hayes' Bankruptcy schedule D, filed June 27, 2012; and N) Kenneth and Ruth Hayes' Bankruptcy docket, dated June 2, 2013.

Plaintiff asks that Defendant's request for judicial notice be denied, but give no reasons in support of this position. Plaintiff does not dispute the authenticity of any of the exhibits.

As Plaintiff has not disputed the authenticity of Exhibits B and G-I, the Court finds that the exhibits are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201(b). Therefore, the Court will take judicial notice of Exhibits B and G-I.

As for Exhibits C through F, Defendants argue that they are appropriate for judicial notice because they "reflect the official acts of United States' executive departments." The California Evidence Code provides that judicial notice is proper for documents that reflect the acts of executive agencies of the United States government. *See* California Evidence Code § 452 (c) (judicial notice may be taken of official acts of the legislative, executive or judicial departments). Some district courts in California follow the California Evidence Code by judicially noticing official acts of the OTS, the Comptroller of the Currency, and the FDIC. *See*, *e.g.*, *Coppes v. Wachovia Mortgage Corp.*, 2010 WL 4483817 (E.D. Cal. 2010) at *2-*3 (collecting cases). Plaintiff has not disputed the authenticity of Exhibits C-F. As such, the Court will take notice of Exhibits C through F.

The Court will also take judicial notice of Exhibits J-N, because they are copies of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("a court may take judicial notice of its own records in other cases"). Thus, Defendant's request for judicial notice is GRANTED.

**C.     Judicial Estoppel**

Defendant argues that Kenneth and Ruth Hayes are judicially estopped from bringing this lawsuit, because they failed to disclose their claims against Defendant in their 2012 bankruptcy proceedings. As noted above, Kenneth and Ruth Hayes are not parties to this case. Accordingly, the Court does not address this argument.

### D. Preemption Under the Home Owners' Loan Act

As they are currently pled, Plaintiff's first, third, fourth, sixth, seventh, eighth, and twelfth causes of action, which are titled: 1) fraudulent inducement to breach of contract; 3) fraud and conspiracy to commit fraud; 4) California Civil Code § 2923.5; 6), 7) and 8) unlawful and fraudulent business practices in violation of Business & Professions Code § 17200, predicated on California Civil Code § 2923.5; and 12) breach of contract, are preempted by the Home Owners' Loan Act (HOLA). *See* 12 C.F.R. § 560.2. HOLA expressly preempts state laws with respect to the "entire field of lending regulation for federal savings associations," and states that "federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section." 12 C.F.R. § 560.2(a).

HOLA specifically provides that state laws purporting to impose requirements regarding "[l]oan-to-value ratios," "terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate," "[d]isclosure and advertising," and "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" are all preempted. *Id.* § 560.2(b). However, state laws are not preempted "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section." *Id.* § 560.2(c). For example, state contract, property and tort laws are not preempted if they meet the above requirements. *Id.*

The Ninth Circuit has held that in order to analyze whether state law is preempted by HOLA:

> . . . the first step [is] to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

*Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008).

Preliminarily, HOLA applies to this case even though Wells Fargo is not a federal savings association, because Plaintiff's loan originated with a federal savings bank, World Savings Bank. *See*, *e.g.*, *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010) (holding that "although Wells Fargo itself is not subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because Plaintiff's loan originated with a federal savings bank and was therefore subject to the requirements set forth in HOLA and OTS regulation."); RJN, Ex. A, C.

Although Plaintiff brings causes of action under various state statutes and common law doctrines, the claims seem to be based primarily on allegations regarding disclosures during the loan origination process; Defendant's conduct during loan modification negotiations; and the foreclosure process.

### 1. Plaintiff's allegations regarding disclosures during loan origination are preempted.

As described above, Plaintiff claims that he was not given proper disclosures during the loan origination process. *See* First Am. Compl., Dkt # 8 at 3-4. The allegations relate to disclosures and the processing and origination of mortgages, therefore are preempted by HOLA under § 560.2(b). *See*, *e.g.*, *Appling v. Wachovia Mortg., FSB*, 745 F. Supp. 2d 961, 972 (N.D. Cal. 2010) ("Because this claim is entirely based on Defendants' disclosures and the provision of credit-related documents, it falls within the specific type of preempted state laws listed in § 560.2(b)(9)"); *Newsom v. Countrywide Home Loans, Inc.*, 714 F. Supp. 2d 1000, 1012-13 (N.D. Cal. 2010) (finding that HOLA preempted fraud claim alleging that defendant failed to provide disclosures and misrepresented interest rates and fees); *Reyes v. Premier Home Funding, Inc.*, 640 F. Supp. 2d 1147, 1156 (N.D. Cal. 2009) (finding that HOLA preempted negligence claim alleging that Defendants failed to explain material terms of a loan agreement).

Although the complaint is pled in an ambiguous fashion, the first cause of action, "fraudulent inducement to breach of contract," may rest, to some extent, on Plaintiff's allegations that Defendant failed to provide proper disclosures during the loan origination process. Because

all allegations related to disclosures during mortgage origination would be preempted, these allegations are dismissed without leave to amend.

### 2. Plaintiff's allegations regarding Defendant's conduct during loan modification proceedings are preempted, or not plausibly pleaded.

Plaintiff's first, third, and twelfth causes of action, titled "fraudulent inducement to breach of contract," fraud and conspiracy to commit fraud, and breach of contract, appear to be based at least in part on Defendant's conduct with respect to loan modification negotiations. Plaintiff alleges that "defendants [sic] had no intent of actually providing plaintiffs with a meaningful loan modification," and that "while defendants [sic] were leading plaintiffs down a Primrose Path, reassuring them that they were in fact getting a loan modification, defendant were [sic] also actively foreclosing on plaintiffs' property." First Am. Compl., Dkt # 8 at 6-7. Plaintiff further alleges that Defendant promises "homeowners loan modifications that defendants have [sic] no intention of actually providing." *Id.* at 12. Later in the complaint, Plaintiff writes: "In or around February 2009, plaintiffs and defendants [sic] entered into a loan modification contract." *Id.* at 16.

These factual allegations in the first amended complaint are inconsistent. On the one hand, Plaintiff alleges that Defendant merely "reassured" him and his family that they would get a loan modification, and on the other, Plaintiff alleges that he had an actual contract with Defendant for a loan modification. At the hearing, Plaintiff stated that he had not entered into a contract with Defendant for a loan modification. He explained that the contract referred to in the complaint was not with Defendant, but with an intermediary that he hired to negotiate with Defendant.

If Plaintiff did not have a contract for a loan modification with Defendant, allegations related to Defendant's conduct during the loan modification negotiations are preempted by HOLA, as requests for loan modifications fall within § 560.2(b)(10)—that is, the "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." *See Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 417 (N.D. Cal. 2009); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1127 (N.D. Cal. 2010).

Plaintiff's first, third, and twelfth causes of action seem to be based on allegations regarding Defendant's conduct during loan modification negotiations and during the loan origination. As they are currently pled, these claims appear to be preempted. However, Plaintiff may possibly be able to amend his allegations regarding Defendant's conduct in loan modification proceedings. In *Corvello v. Wells Fargo Bank*, the Ninth Circuit held that a bank participating in the Home Affordable Mortgage Program was contractually obligated under California law to offer borrowers permanent mortgage modifications after they complied with program's trial period plan requirements by submitting accurate documentation and making trial payments. No. 11-16234, 2013 WL 4017279 (9th Cir. Aug. 8, 2013). There is no indication that Plaintiff participated in such a plan, but at the hearing he stated that he hired a broker to negotiate a modification for him, and nothing came of it. If Plaintiff can truthfully allege similar facts to those in *Corvello*, he may do so in an amended complaint. Out of an abundance of caution, therefore, these causes of action are dismissed with leave to amend.

If Plaintiff attempts to amend any of his fraud-based causes of action, he must plead them with particularity. Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (a plaintiff alleging fraud must state with particularity the circumstances constituting fraud). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

### 3. Plaintiffs' allegations regarding the foreclosure process are preempted.

Plaintiff's fourth, sixth, seventh, and eighth causes of action, titled California Civil Code § 2923.5 and unlawful and fraudulent business practices in violation of Business & Professions Code § 17200, all consist of allegations that Defendant did not comply with § 2923.5.

Federal courts have found that allegations relating to foreclosure are preempted by HOLA, because they fall within § 560.2(b)(10)—that is, the "[p]rocessing, origination, servicing,

sale or purchase of, or investment or participation in, mortgages." Federal courts have specifically found that § 2923.5 is preempted by HOLA. *See*, *e.g.*, *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1033 (N.D. Cal. Oct. 27, 2010), *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1127 (N.D. Cal. 2010) (collecting cases with similar holdings). Because Plaintiffs will not be able to amend these allegations in a way that is not preempted, the allegations are dismissed without leave to amend.

Thus, amendment would be futile with respect to Plaintiff's fourth, sixth, seventh, and eighth causes of action, as they are all based on allegations that Defendant did not comply with § 2923.5. These causes of action are therefore dismissed with prejudice.

### E. Fair Credit Reporting Act, Defamation and False light

Plaintiffs' Fair Credit Reporting Act, defamation and false light causes of action are based on allegations that Defendant reported to credit reporting agencies, including Equifax, Experian, and Trans-Union, that Plaintiff was delinquent on his loan obligation.

On the one hand, Plaintiff alleges that these statements were "false," but on the other hand, admits that "it became economically impossible to meet the monthly obligation" of the mortgage payments. Plaintiff's allegation in the complaint that Defendant made "false statements," which implies that Plaintiff was not delinquent on their loan payments, is therefore not plausible. At the hearing, Plaintiff admitted that he was delinquent on his loan payments, and that Defendant's reporting of this fact to the credit reporting agencies was not a false statement.

Because Plaintiff cannot truthfully amend these allegations in order to state a claim upon which relief could be granted, these causes of action are dismissed without leave to amend.

### F. TILA

Plaintiffs second and fifth causes of action, titled "Violation of TILA" and "Predatory Lending violation of Truth in Lending," are time-barred. TILA has a one-year statute of limitations for civil damages claims. *Falcocchia v. Saxon Mortg., Inc.*, 709 F. Supp. 2d 860, 867 (E.D. Cal. 2010). Here, Plaintiffs allege that Defendant violated TILA at the time of the original purchase, which was in 2005. RJN, Ex. A.

11

At the hearing, Plaintiff stated that he was aware of the improprieties in the loan at the time of the loan origination, but did not file suit because he was living in the house and was able to make his loan payments. Accordingly, it appears that Plaintiff is unable to plead delayed discovery, and amendment would be futile. These causes of action are therefore dismissed without leave to amend.

### G. Declaratory Relief and Injunctive Relief

Plaintiff's last cause of action is titled "declaratory relief/ injunctive relief." These are not independent causes of action, but remedies. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) ("the Court notes that declaratory and injunctive relief are not causes of action; rather, they are remedies"). This cause of action is therefore dismissed without leave to amend.

## IV. Conclusion

The Court finds that Plaintiff's fourth, sixth, seventh, and eighth causes of action are preempted by HOLA and are dismissed with prejudice. Plaintiff's ninth, tenth, and eleventh causes of action are not plausibly pled and are dismissed with prejudice. Plaintiff's second and fifth causes of action are time-barred and are dismissed with prejudice. Finally, Plaintiff's thirteenth cause of action is not an independent cause of action and is dismissed with prejudice.

Plaintiff's first, third, and twelfth causes of action are preempted as currently pled. Plaintiff is given leave to amend the allegations underlying these causes of action to the extent that he can truthfully allege non-preempted allegations. Plaintiff stated at the hearing that if he was granted leave to amend, he intended to get help from an attorney in articulating his claims. Plaintiff should not file a second amended complaint if he is unable to properly do so. Filing a second amended complaint that will inevitably be dismissed without leave to amend may subject Plaintiff to owing further costs Defendant has incurred in defending this action.

///

///

///

It is hereby ORDERED that:

1. Defendants' motion to dismiss is granted. Plaintiff may file a second amended complaint consistent with this order within 30 days.

2. The Clerk of the Court shall terminate Kenneth and Ruth Hayes as parties on the docket.

DATE: August 12, 2013

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE